# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACLOVIA DUARTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J. P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: CV 13-01105 GHK (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on February 5, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2, 7, 8, and 10 of, and Exhibit 1 to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly,

reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken their good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential, or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**
///

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## AGREED TERMS OF PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT

**1.     Definitions**

"Confidential Material" means any information that the producing party in good faith believes is properly protected under Fed. R. Civ. P. 26(c) and designates as confidential according to the procedures set forth in this **Protective** Order.  This includes, without limitation, non-public information regarding Defendant's business practices and private information regarding Defendant's current and former customers, including, but not limited to, home addresses, home and personal telephone numbers, their mortgages with Defendant, and credit reporting information.

"Document" has the same meaning it has when used in Fed. R. Civ. P. 26 and shall include, but not be limited to:  written, recorded, electronic, or graphic matter; discovery responses; transcripts of and exhibits to depositions

taken in this action; and any portion of any court papers filed in this action that quotes from or summarizes Confidential Material.

**2.     Designation of "Confidential Material"**

The parties agree to take care to limit the designation of "Confidential Material" to specific material that qualifies under the appropriate standards. The designating party shall make a good faith determination that protection is warranted before designating any discovery material as confidential.

With respect to a Document, the producing party shall designate the Document and the information contained therein as confidential by stamping "CONFIDENTIAL" on each page of the Document that contains confidential information; except that any document produced pursuant to the mediation privilege that was not marked "CONFIDENTIAL" shall nevertheless be treated as confidential and may not be used for any non-mediation-related purpose in this litigation without the written agreement of the producing party.

In the case of responses to particular interrogatories, requests for admissions, or requests for production of documents made after the date of this Protective Order, any CONFIDENTIAL material in such responses shall be set forth in a separate document containing a statement to the effect that "THIS RESPONSE CONTAINS CONFIDENTIAL MATERIAL," and the legend "CONFIDENTIAL, SUBJECT TO COURT ORDER," shall be placed on each page of any such set of responses.

With respect to **deposition** testimony, any party (or his or her counsel or counsel for either party) may designate the **deposition** testimony and information contained therein as confidential by stating orally on the record, before the close of the deposition, that certain testimony is "confidential." When it is impractical to identify separately each portion of **deposition** testimony that is entitled to protection, and when it appears that substantial portions of the **deposition** testimony may qualify for protection, any party (or

his or her counsel or counsel for either party) may invoke on the record, before the close of the deposition, the right to have up to thirty (30) days to identify the specific portions of the **deposition** testimony to be designated confidential. During the pendency of the thirty-day period, and until a final **deposition** transcript incorporating all specified confidentiality designations is provided by the court reporter, all portions of the **deposition** testimony shall be treated as "Confidential Material." After the final **deposition** transcript incorporating all specified confidentiality designations is provided by the court reporter, the parties agree to treat all copies of any interim **deposition** transcripts containing incomplete confidentiality designations as though they contained the specified confidentiality designations. Transcript pages containing Confidential Material must be separately marked by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the person providing the **deposition** testimony (or his or her counsel or counsel for either party).

Any cost charged by the court reporter related to a request to designate as "Confidential Material" a **deposition** transcript, or any part of a **deposition** transcript or any attached exhibits, including but not limited to a final **deposition** transcript, shall be borne by the party making the request for the designation.

With respect to any confidential material, an inadvertent failure to designate the qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the designating party's right to secure protection under this **Protective** Order for such material. If the producing party notifies the receiving party within fourteen (14) days of the discovery of inadvertent non-designation, and identifies the confidential information inadvertently produced without such designation, the receiving party must make reasonable efforts to ensure that such material is treated in accordance with the provisions of this

**Protective** Order.

### 3. Challenging Designation of Confidential Material

Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

A party who wishes to challenge a confidentiality designation must do so in good faith and must begin the process by conferring directly by phone or in person with counsel for the designating party, including fully complying with Local Rule 37-1. If the parties cannot reach agreement and judicial intervention is necessary, the party seeking to maintain the confidential designation shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to treat the information in question as "Confidential Material" until such time as the Court rules otherwise.

### 4. Use of Confidential Material Generally

The party receiving Confidential Material may use it solely for the litigation and attempted settlement of this action. Confidential Material must be stored and maintained in a secure manner by the receiving party to ensure that access is limited to the persons authorized under this **Protective** Order.

### 5. Disclosure of Confidential Material—Acknowledgment Required

The receiving party may share Confidential Material with the following persons so long as such persons sign and execute a written Acknowledgment in the form annexed hereto as Exhibit 1, acknowledging that he or she has read this Protective Order and agrees to be bound by its terms. The receiving party shall keep a copy of all signed Acknowledgments.

a.  Consultants and experts (including litigation consultants) retained for the purpose of assisting with the prosecution or defense of this action; and

b.  Persons or entities noticed for depositions or designated as witnesses in this action, and their counsel, but only to the extent reasonable and in good faith deemed necessary by counsel for any of the parties to prepare such deponents and witnesses to testify, and such persons (including their counsel) shall not retain any Confidential Material (or any copies, summaries, or portions thereof) after their testimony is concluded.

**6.   Disclosure of Confidential Material—No Acknowledgment Required**

The receiving party may share Confidential Material with the following persons without obtaining a written Acknowledgement.

a.  In-house and outside counsel for any party to this action who are actively engaged in the prosecution or defense of this action (with the understanding that the receiving party will advise all such persons of this Protective Order and that they will be bound by this Protective Order as agents of the receiving party);

b.  Secretaries, paralegals, assistants, clerical personnel, and copying or document handling firms employed by counsel who are actively engaged in assisting counsel with the prosecution or defense of this action (with the understanding that the receiving party will advise all such persons of this Protective Order and that they will be bound by this Protective Order as agents of the receiving party); and

c.  Any court reporter, videographer, or other person involved in preparing a record (written or recorded or otherwise) of any testimony in such disputes or matter.

Additionally, the Court and court personnel are under no obligation to sign a written Acknowledgement, although the receiving party's disclosure of

Confidential Material to the Court and its personnel shall be governed by the other provisions of this Protective Order.

### 7. Filing Confidential Material

Motion papers and other Court filings that disclose Confidential Material, including exhibits, shall be filed with an application to file the Confidential Material under seal pursuant to Local Rule 79-5, **and shall be** directed to the judge to whom the papers are directed.  For a motion, the filing party shall also file a redacted version of the motion and supporting papers.

Papers referencing or relying upon Confidential Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence that the Court should attempt not to disclose.  If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing.  If the parties are unable to resolve the dispute, the parties shall file a written joint stipulation containing all issues in dispute, which will be prepared in conformity with Local Rules 37-2.1 and 37-2.2.  The moving party may then move the Court for a determination as to whether the DOCUMENT or other information in question warrants protection as a CONFIDENTIAL matter.  The moving party's stipulation or declaration describing how the opposing party failed to cooperate in formulating the stipulation must be timely filed pursuant to Local Rules 37-2.4  The non-moving party may oppose such motion. In the interim, the designated material shall be t**reated as** Confidential Material until the issue is resolved by the Court.

### 8. Confidential Material Offered As Evidence At Trial Or Other Court Proceedings

This Protective Order does not apply to evidence presented at Court proceedings or at trial; except that private financial information including

social security numbers, tax identification numbers, and bank account numbers shall be redacted from any documents offered as evidence. A party seeking to restrict the use of Confidential Material in Court proceedings or at trial must take up that matter with the judge or magistrate judge conducting the proceeding or trial.

**9.     Unauthorized Disclosure of Confidential Material**

If a receiving party determines that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately: (1) notify the designating party in writing of the unauthorized disclosure(s); (2) use its best efforts to retrieve all copies of the Confidential Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (4) request such person(s) to execute a written Acknowledgment.

**10.    Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

If a person is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Material that is subject to this Protective Order, the person so served or subject to the order must: (1) immediately notify the designating party in this action of the situation in writing (by fax or e-mail) and in no event more than three court days after receiving the subpoena or order, including providing a copy of the subpoena or order; and (2) notify the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order, including providing a copy of this Protective Order.

The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the designating party an

opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burden and expense of seeking protection of its confidential material in another court, except for the burden and expense of providing the specific notice required above. Nothing in these provisions shall be construed as authorizing a party to disobey a lawful subpoena **or court order** issued in another action.

### 11. Final Disposition of Confidential Material

Unless otherwise ordered, or agreed in writing by the producing party, within sixty (60) days after the final termination of this action, each party must: (1) destroy or return to the other party any and all Confidential Material produced or designated by the other party, except that each party's counsel may retain one archival copy of all documents and things produced in discovery and may retain any pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product even if such materials contain Confidential Material, in which case counsel shall continue to be bound by the terms of this Protective Order with respect to such retained material; and (2) provide a written certification to the producing party (and the designating party if not the same person) confirming the return or destruction of all Confidential Material, subject to the limited archival exception stated above, within ten (10) days of the destruction or return taking place.

### 12. Right to Assert Other Objections

By **having stipulated** to the entry of this Protective Order, neither party waives any right it otherwise has to object to disclosing or producing any particular material or information, regardless of whether such information would be subject to this Protective Order. Similarly, neither Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The placing of a "CONFIDENTIAL" label on the face of a document or

transcript shall have no effect on the Document's or transcript's authenticity or admissibility in this action. In addition, the inadvertent or unintentional disclosure of DOCUMENTS containing CONFIDENTIAL information, regardless of whether the DOCUMENTS or information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed therein or as to any other information thereto or on the same or related subject matter.

### 13. No Waiver of Discoverability

By **having stipulated** to the entry of this Protective Order, neither party waives any right it otherwise has to seek disclosure or production of any particular material or information, regardless of whether such material or information would be subject to this Protective Order by virtue of being designated as "Confidential Material."

The parties agree that nothing herein shall be construed to limit the scope of discovery, to expand the scope of any objections to discovery (including but not limited to objections based on privacy or confidentiality), or to limit any party's right to move to compel discovery.

### 14. Production by Third Party and Parties' Own Documents

This Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of his/its own information including, without limitation, its DOCUMENTS, as well as DOCUMENTS it receives from third parties.

### 15. Modification of Protective Order

This Protective Order is without prejudice to the right of any interested party to apply for an order modifying or limiting this Protective Order in any respect, or to apply for an order permitting the disclosure of Confidential Material, except that such interested party must first give reasonable notice to

the producing party, the designating party, and the parties to this action

**16.   Continuing Jurisdiction**

All provisions of this Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

Dated:  March 6, 2014            *Margaret A. Nagle*

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MACLOVIA DUARTE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>J. P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 through 50, Inclusive,<br><br>  Defendants. | Case No.: CV 13-01105 GHK (MANx)<br><br>**EXHIBIT 1 TO PROTECTIVE ORDER**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

State of _____ )
                        ) ss.
County of _____ )

1.  My name is _____. My business affiliation is _____. My title, if any, is _____.

2. My home address is _____. My home telephone number is _____. My business address and telephone number is _____.

3. I am aware that a Protective Order has been entered in *Maclovia Duarte, et al. v. J.P. Morgan Chase Bank, National Association,* United States District Court, Central District of California, Civil Case No. CV 13-01105 GHK. A copy of the Protective Order has been given to me by _____, and I have read the Protective Order.

4. I promise that I will **only** use documents and information designated as confidential for the purpose of assisting counsel for _____ in litigating *Maclovia Duarte, et al. v. J.P. Morgan Chase Bank, National Association,* United States District Court, Central District of California, Civil Case No. CV 13-01105 GHK or in connection with my testimony in that action.

5. I promise that I will not disclose or discuss documents or information designated as confidential (or their content) with any person other than counsel for _____ or members of their staff or as directed by such counsel.

6. I understand that, if I use documents or information designated as confidential (or the content thereof) in any manner inconsistent with the provisions of the Protective Order, such violation may constitute contempt of court, subject to any and all sanctions available for contempt of court.

7. With respect to the matters covered by this Acknowledgement, I expressly consent to the jurisdiction of the United States District Court for the Central District of California.

_____
Affiant

SUBSCRIBED and SWORN TO before me this _____ day of _____, 20\_\_\_\_.

_____
Notary Public for _____
My commission expires: _____